# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-22-00342-CV**
**NO. 03-22-00347-CV**

---

**Y. A., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY**
**NOS. D-1-FM-21-000228 & D-1-GM-20-002618,**
**THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

---

## C O N C U R R I N G   O P I N I O N

I concur with the Court's decision to affirm the trial court's decrees terminating Father's parental rights. Moreover, I agree with the Court's well-reasoned conclusion that the evidence in the record is factually sufficient to support the trial court's best-interest finding, if that analysis was necessary. *See A.C. v. Texas Dep't of Fam. & Protective Servs.*, 577 S.W.3d 689, 697 (Tex. App.—Austin 2019, pet. denied) (stating that evidence is factually insufficient only if "disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding").

However, I would conclude Father waived the only issue on appeal and affirm the trial court's termination decrees on that basis. As the majority recognizes in footnote 4 of its opinion, Father has inadequately briefed the best-interest-finding issue, including only a few

short paragraphs lacking either meaningful citations to the voluminous record or substantive analysis of the relevant evidence and legal authority. *See In re L.E.R.*, 650 S.W.3d 771, 789 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (concluding parent waived challenge to best-interest finding because conclusory analysis of *Holley* factors "presents no legal argument" (citing *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976))); *see also In re E.P.*, No. 10-22-00086-CV, 2022 WL 2977479, at *4 (Tex. App.—Waco July 27, 2022, no pet.) ("Citations to the record and legal authorities are required in order to adequately present an issue on appeal."); *S.S. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00123-CV, 2022 WL 2500337, at *7 (Tex. App.—Austin July 7, 2022, no pet.) (mem. op) ("A brief must provide citations or argument and analysis for the contentions and failure to do this can result in waiver." (quoting *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018))). Accordingly, the sole issue on appeal was inadequately briefed and therefore waived, *see* Tex. R. App. P. 38.1, and this Court does not need to undertake its analysis of the record supporting the best-interest finding, *see id.* R. 47.1 (requiring opinions be "as brief as possible" and only address issues "necessary to final disposition of the appeal").

For this reason, I concur with the Court's decision to affirm the district court's termination decrees.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed: November 29, 2022

2